IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JONATHAN JEFFERY ANDERSON, | : |
| Plaintiff, | : |
| v. | : |
| | :  No. 3:12-CV-88 (CAR) |
| JOE CHAPMAN, et al., | : |
| Defendants. | : |
| _____ | : |

### ORDER ON THE RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 29] to grant Defendants Joe Chapman, Wade Harris, and Deborah Atkinson's Motion for Summary Judgment [Doc. 21], thereby dismissing Plaintiff Jonathan Jeffery Anderson's Complaint pursuant to 42 U.S.C. § 1983 in its entirety.  In the Recommendation, the Magistrate Judge determined that Plaintiff failed to demonstrate any genuine issue of material fact concerning either his conditions of confinement claim or his due process claim.  Plaintiff, proceeding *pro se*, subsequently filed an Objection to the Recommendation [Doc. 30].  Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection, has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects, and finds the Objection to be without merit.

In his Objection, Plaintiff contends that the circumstances surrounding his confinement are irrelevant as the only pertinent issue is whether his "punitive confinement" violated due process.[1] In support he cites to an Eighth Circuit case acknowledging that "[r]equiring a pretrial detainee to work or be placed in administrative segregation is punishment" and that pretrial detainees may not be punished.[2] Plaintiff accordingly argues that he was placed in administrative segregation as punishment. However, as discussed in the Recommendation, there is no evidence that the named Defendants placed Plaintiff in administrative segregation <u>for the purpose of punishment</u>, as is required for Plaintiff's due process claim to succeed on the merits.[3] The Court further agrees with the Magistrate Judge that Plaintiff's placement in administrative segregation was based on several legitimate considerations. Consequently, because the Court finds that the evidence supports only that Plaintiff's confinement was based on several legitimate considerations, there is no evidence that Plaintiff's confinement was punitive and thus that it violated due process.

Accompanying his objection, Plaintiff has attached several portions of the Walton County Detention Facility policies and procedures that he argues establish that

---

[1] [Doc. 30 at 1].
[2] *Martinez v. Turner*, 277 F.2d 421, 423 (8th Cir. 1992).
[3] *See Kibwika v. Broward Cnty. Sherriff's Office*, 453 F. App'x 915, 919 (11th Cir. 2012) (holding that pretrial detainee cannot be punished, and "[t]o determine whether a restriction constitutes punishment, [the court] must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose").

"not only are cells twelve and three administrative segregation units, but that Defendants Chapman and Harris are indeed directly responsible for the implementation of the policies resulting in Plaintiff's punitive confinement."[4] Assuming *arguendo* that Plaintiff's attachments establish that cells twelve and three are administrative segregation units and that Defendants Chapman and Harris are directly responsible for implementing the polices, there is still no evidence that Plaintiff's administrative segregation was <u>punitive</u>.  Consequently, Plaintiff's objections are overruled.

Based on the foregoing, the Court agrees with the findings and conclusions of the United States Magistrate Judge; the Recommendation [Doc. 29] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Defendants' Motion for Summary Judgment [Doc. 21] is **GRANTED**, and the instant action is hereby **DISMISSED** in its entirety.

**SO ORDERED,** this 20th day of August, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[4] [Doc. 1 at 2].